**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KYEV POMPA TATUM, SR. et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:14-cv-24-O** |
| | § | |
| **TARRANT REGIONAL WATER** | § | |
| **DISTRICT et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs' Motion for Preliminary Injunction and Brief in Support (ECF No. 11), filed January 29, 2014; Plaintiffs' Appendix (ECF No. 12), filed January 29, 2014; Defendants' Response (ECF No. 28), filed February 25, 2014; and Defendants' Appendix (ECF No. 29), filed February 25, 2014. After conducting a hearing and reviewing the motion, related briefing, and applicable law, the Court finds Plaintiffs' motion for a preliminary injunction should be and is hereby **DENIED**, and this case is **DISMISSED**.

**I.     BACKGROUND**

Plaintiffs Kyev Pompa Tatum, Sr., Tonya Rochelle Tatum, Archie Ikey Tatum, and Hershey Ann Tatum ("Plaintiffs") brought the instant action against the Tarrant Regional Water District ("TRWD") and the following directors of the TRWD in their official capacities: Victor W. Henderson ("Henderson"), Jack Stevens ("Stevens"), Marty Leonard ("Leonard"), Jim Lane ("Lane"), and Mary Kelleher ("Kelleher") (collectively, "Defendants"). *See generally* Original

Compl. & Appl. Inj. Relief, ECF No. 1. Plaintiffs reside in Tarrant County, Texas, own property within the boundaries of the TRWD, are subject to taxes levied by the TRWD, and are eligible to vote in TRWD elections. *Id.* ¶¶ 1-4. They seek: (1) "a judicial declaration that Defendants' failure to hold an election for the Board of Director seats of Lane and Leonard on the uniform election date, May 10, 2014, would violate the United States Constitution and Texas state law" and (2) "a judicial declaration that Defendants' failure to hold an election for the Board of Director seats of Henderson, Stevens and Sparks on the uniform election date in 2012 violated the United States Constitution and Texas law."[1] *Id.* at 11.

Plaintiffs further seek a preliminary and permanent injunction enjoining Defendants from extending the four-year director terms of Lane and Leonard by failing to hold an election this year and requiring Defendants to take all steps necessary for an election on the uniform election date of May 10, 2014. *Id.* at 12. Plaintiffs bring their claim under 42 U.S.C. §§ 1983 and 1988 ("Section 1983") asserting that Defendants violated the Fourteenth Amendment of the United States Constitution by depriving Plaintiffs of their right to vote. *Id.* at 10-11. In short, Plaintiffs contend Defendants are violating Texas law in a way that violates the United States Constitution.

On January 31, 2014, all Defendants except Kelleher[2] filed a motion asking the Court to dismiss this action on subject matter jurisdiction, ripeness, standing, and mootness grounds or, alternatively, to abstain in favor of ongoing state litigation.[3] *See generally* Defs.' Mot. Dismiss, ECF

---

[1] The Court dismissed the second claim for declaratory relief as moot. *See* Order, Feb. 21, 2014, ECF No. 26.

[2] Hereafter, the term "Defendants" is used to the exclusion of Kelleher.

[3] Prior to the instant action, another suit was filed in state court by different property owners within the TRWD boundaries against the same Defendants. *See* App. Supp. Defs.' Resp. Pls.' Mot. Hr'g, ECF No.

No. 13. The Court abstained under the Pullman doctrine finding an unsettled issue of state law. *See* Mem. Op. & Order, ECF No. 19.  On February 11, 2014, the Honorable David L. Evans dismissed the state court action. App. Mot. Reopen Ex. 1 (Order), 3-4, ECF No. 21.Thereafter, Plaintiffs filed a motion to reopen this case. The Court reopened this case and proceeded to hear Plaintiffs' motion for a preliminary injunction, which asks the Court to order the TRWD to call an election in May 2014 for the director seats of Lane and Leonard.[4] *See generally* Mot. Prelim. Inj., ECF No. 11.

## II.    Legal Standard

The Fifth Circuit set out the requirements for a preliminary injunction in *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).  To prevail on a preliminary injunction, the movant must show: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the injunction is not adverse to the public interest.

---

16. The plaintiffs in the state court action sought the following declarations:

> (a) that H.B. 3900 does not provide that any existing TRWD Directors may serve a term in excess of the four-year term provided by both Texas Water Code § 49.103(a) and H.B. 3900;

> (b) that, pursuant to Texas Water Code § 49.103(b), the TRWD is required to hold an election for the seats of TRWD Directors Jim Lane and Marty V. Leonard on the uniform election date established by the Election Code in May of 2014; and

> (c) that an election for the seats of Mr. Lane and Mr. Leonard shall also be held in May 2015, so as to achieve the staggered terms provided by H.B. 3900.

*Id.* Tab 5 (2d Am. Pet.), App. 135, ECF No. 16-3.

[4] The Court also resolved the subject matter jurisdiction and justiciability issues raised in Defendants' motion to dismiss. *See* Order, Feb. 21, 2014, ECF No. 26.

*Id.*; *see also Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

To qualify for a preliminary injunction, the movant must clearly carry the burden of persuasion with respect to all four requirements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). If the movant fails to establish any one of the four prerequisites to injunctive relief, relief will not be granted. *Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). A movant who obtains a preliminary injunction must post a bond to secure the non-movant against any wrongful damages it suffers as a result of the injunction. Fed. R. Civ. P. 65(c).

The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985) (citing *Canal*, 489 F.2d at 572). A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Even when a movant satisfies each of the four *Canal* factors, the decision whether to grant or deny a preliminary injunction remains discretionary with the district court. *Miss. Power & Light Co.*, 760 F.2d at 621. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Id*.

## III.    ANALYSIS

Plaintiffs bring this action under Section 1983 and assert Defendants violated the Fourteenth Amendment of the United States Constitution by depriving Plaintiffs of their right to vote.[5] *See*

---

[5] An official acting under color of state law may be held liable under Section 1983 for a violation of the Constitution or federal law. *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Original Compl. ¶ 11, ECF No. 1. "[T]he due process clause of the fourteenth amendment prohibits action by state officials which seriously undermine the fundamental fairness of the electoral process." *Duncan v. Poythress*, 657 F.2d 691, 700 (5th Cir. Unit B Sept. 1981). However, "the fourteenth amendment provides no guarantee against innocent irregularities in the administration of state elections . . . ." *Id.* at 679. Once a state gives its electorate a right to vote, the state cannot thereafter purposefully deprive the electorate of that right. *See id.* at 704 ("We likewise can imagine no claim more deserving of constitutional protection than the allegation that state officials have purposely abrogated the right to vote, a right that is fundamental to our society and preservative of all individual rights."); *Bonas v. Town of N. Smithfield*, 265 F.3d 69, 73, 75 (1st Cir. 2001) ("In this chiaroscuro corner of the law, one thing is clear: total and complete disenfranchisement of the electorate as a whole is patently and fundamentally unfair (and, hence, amenable to rectification in a federal court))."

Thus, in this case, Plaintiffs only state a Section 1983 claim if Texas law requires an election for the expiring TRWD positions this year. As such, the heart of this dispute is whether Texas law mandates an election in May 2014 for the seats currently held by Lane and Leonard. The parties dispute the proper interpretation of various sources of Texas law that govern the TRWD elections. Accordingly, a summary of the relevant sources follows.

The Texas Legislature may provide that members of a regional water district board serve terms "not to exceed four years." Tex. Const. art. XVI, § 30(c); *see also id.* § 59. The Texas constitution also provides that "[a]ll officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." *Id.* § 17. Section 49.103 of the Texas Water Code ("Section 49.103") states that "an election shall be held on the uniform election date .

5

. . in May of each even-numbered year to elect the appropriate number of directors [of a regional water board]." Tex. Water Code Ann. § 49.103. House Bill 3900, effective June 14, 2013, applies only to the TRWD and changed the date for its election as follows:

> (a) The district shall be governed by a board of five elected directors.
>
> (b) Directors serve staggered four-year terms and until their successors have qualified.
>
> (c) On the uniform election date in *May of each odd-numbered year*, the appropriate number of directors shall be elected.

Tex. H.B. 3900, 83rd Leg., R.S. (2013) (emphasis added). Both Section 49.103 and H.B. 3900 provide that the directors of the TRWD serve four-year terms. Tex. Water Code Ann. § 49.103; Tex. H.B. 3900, 83rd Leg., R.S. (2013). H.B. 3900 moved the TRWD elections from even-numbered years to odd-numbered years, but the Texas Legislature did not address what would happen to those officeholders elected in 2010 whose four-year terms end in 2014. This lawsuit requires the Court to decide, from the text of the pertinent statutes and the Texas constitution, whether the Legislature intended the TRWD to hold an election in 2014 and in 2015 when it enacted H.B. 3900.[6]

Plaintiffs contend an election is required this year because it is undisputed that Lane and Leonard were elected in 2010 and, therefore, the failure to hold an election this year will result in Lane and Leonard serving five-year terms that violate the Texas constitution. *See* Mot. Prelim. Inj. 5, ECF No. 11; *see also* Tex. Const. art. XVI, § 30(c) (stating directors' terms shall not exceed four years). For this reason, Plaintiffs argue the Legislature intended Section 49.103's even-year election dates to apply until the May 2015 election mandated by H.B. 3900 so that the TRWD must call an

---

[6] Although the uncertainty in this legislation appears to warrant Pullman abstention, particularly given a related action concerning these very issues pending before a state appellate court, Plaintiffs have urged the Court to rule on the merits of their claim.

6

election this year. Mot. Prelim. Inj. 8, ECF No. 11. Plaintiffs contend the failure to call an election this year *and* next year will deprive them of their federal due process rights.

Defendants, on the other hand, assert the Legislature did not intend Section 49.103 to apply after the enactment of H.B. 3900 and that the article XVI, section 17 "savings clause" of the Texas constitution allows the directors to continue to serve beyond four years until the next election scheduled in May 2015.[7] *See* Defs.' Resp. 10-13, ECF No. 28.

To determine whether Plaintiffs state a claim, the Court must determine, from the text of existing state law, whether an election is required in May 2014. "In analyzing the constitutionality of a statute, we should, if possible, interpret the statute in a manner that avoids constitutional infirmity." *Quick v. City of Austin*, 7 S.W.3d 109, 115 (Tex. 1998) (citing *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996)); *see also* Tex. Gov't Code § 311.021 (assuming compliance with Texas constitution is intended). Section 30, article XVI, of the Texas constitution states that the Legislature may set the term of office for directors of regional water districts so long as the term does not exceed four years. Tex. Const. art. XVI, § 30(c). Here, Lane and Leonard were elected in May 2010 and, thus, it appears their terms will expire in May 2014. Defendants contend, however, section 17, article XVI, of the Texas constitution allows Lane and Leonard's terms to extend to May 2015. Thus, the Court must first decide whether section 17 validates an extension of the directors' terms of office.

In *State v. Catlin*, the Texas Supreme Court held that the Texas Legislature could not extend a city clerk's two-year term, as provided in the Texas constitution, by enacting legislation that moved

---

[7] The language of section 17 is reiterated in H.B. 3900: "Directors serve staggered four-year terms *and until their successors have qualified*." Tex. H.B. 3900(b), 83rd Leg., R.S. (2013) (emphasis added).

the election to the following year. 19 S.W. 302, 303-04 (Tex. 1892) (stating article XVI, section 17, "never contemplated such legislation, but was intended to meet such emergencies as might occur under laws requiring elections or appointments to such offices to be made every two years"). In light of the foregoing, the Court concludes H.B. 3900 did not extend the directors' terms to five years because such an interpretation would violate the Texas constitution. Accordingly, the only interpretation of H.B. 3900 consistent with section 30 of article XVI is that Lane and Leonard's terms of office end in May 2014.

Next, the Court must decide what the Texas Legislature intended to occur after Lane and Leonard's terms expire in May 2014 and before the May 2015 election required by H.B. 3900. Plaintiffs contend the Texas Legislature intended Section 49.103—the provision providing for elections in even years—to apply in 2014 so that the TRWD would call an election in May 2014, and then again in May 2015 to comply with H.B. 3900. Under this interpretation, H.B. 3900 takes effect and does not violate section 30 of article XVI. The Court, however, finds that the text of the pertinent authorities demonstrates the Texas Legislature did not intend Section 49.103 to apply to the TRWD after the enactment of H.B. 3900.

The following section of the Texas Code Construction Act is persuasive:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
>
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex. Gov't Code § 311.026; *see also* Tex. Gov't Code § 311.025. H.B. 3900 specifically applies to

the TRWD following its enactment while Section 49.103 applies generally to water districts. Thus, the more specific and later-enacted H.B. 3900 controls. Additionally, Plaintiffs' interpretation requires the Court to depart from the plain text of Section 49.103 because it provides for on-going elections in even-numbered years for four-year terms. On its face, Section 49.103 does not contemplate a one-time application for any term other than four years. Lastly, the Court's finding that the Texas Legislature did not intend Section 49.103's even-year election requirement to apply after the enactment of H.B. 3900 is bolstered by the presence of another statute that addresses vacancies. *Ojo v. Farmers Grp., Inc.*, 356 S.W.3d 421, 451 (Tex. 2011) (Willett, J., concurring) (explaining that, in determining legislative intent, courts must consider the "surrounding statutory landscape"); *see also Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012) (citing *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011)).

Under Texas law, when an officeholder's term expires and no replacement has been secured, a vacancy exists in the office. *See Denison v. State*, 61 S.W.2d 1017, 1021 (Tex. Civ. App.—Austin 1933, writ ref'd) (concluding expiration of term of office creates a vacancy); *see also Tom v. Klepper*, 172 S.W. 721, 723 (Tex. Civ. App.—El Paso 1915, writ ref'd) ("We think this view accords with the settled policy of our state Constitution restricting the duration of the terms of office, as provided in the articles of the Constitution and statute quoted. A holding beyond the [term of office] would be by sufferance, rather than from any intrinsic title to the office."); *Maddox v. York*, 54 S.W. 24, 24-25 (Tex. Civ. App. 1899); *see also* 60 Tex. Jur. 3d *Public Officers and Employees* § 72 (2014) ("A vacancy in an office is created, in the sense that a person may be chosen to fill it, by the expiration of an officer's term."). Section 49.105 of the Texas Water Code ("Section 49.105") states:

> Except as otherwise provided in this code, a vacancy on the board and in other offices shall be filled for the unexpired term by appointment of the board not later than the 60th day after the date the vacancy occurs.

Tex. Water Code § 49.105(a).

Although the Court rejected Defendants' first interpretation of section 17, the Defendants offer the same section for another proposition—that the "holdover" provision prevents any vacancy from arising. Thus, Defendants contend that even if section 17 cannot be used to extend Lane and Leonard's terms, which would thereby terminate in May 2014, section 17 acts to negate any vacancy that may occur thereafter. Section 17, however, only addresses physical and not legal vacancies. *See Tom*, 172 S.W. at 723; *cf.* Tex. Att'y Gen. Op. No. JC-0293 (2000) (stating when another provision addresses vacancies, section 17 does not apply to fill vacancies); *see also* Tex. Att'y Gen. LO-98-029 (1998) ("Article XVI, section 17, the 'holdover' provision of the Texas Constitution, 'was placed in the constitution to prevent public convenience from suffering because of a vacancy in office.' A legal vacancy exists in the office, such that another person may be appointed to it, but the initial officeholder continues to perform the duties of office until his successor is qualified."); Tex. Att'y Gen. Op. No. JM-558 (1986) ("When the incumbent resigns, there will be a legal vacancy in his office that the commissioners court may fill, even though article XVI, section 17, of the Texas Constitution prevents a physical vacancy in the office.").

In other words, even though the predecessor may continue to hold office under section 17, the appropriate entity must fill the legal vacancy by the means set forth in the relevant statute. Here, both H.B. 3900 and section 17 require Lane and Leonard to continue to serve after the expiration of their terms until their successor is qualified. This, however, does not mean the TRWD can ignore Section 49.105. Rather, when a vacancy arises, the board shall appoint the replacement. Section 17

10

may extend the directors' tenure but not their terms; a legal vacancy will still exist even if the directors maintain a physical presence in office. Therefore, the Court concludes Section 49.105 will apply in May 2014. *See* Tex. Att'y Gen. LO-89-106 (1989) (discussing the difference between an officeholder's term and tenure); *see also Denison*, 61 S.W.2d at 1021 (rejecting argument that no vacancy existed because incumbent held over); 60 Tex. Jur. 3d *Public Officers and Employees* § 70 (2014).

Finally, Plaintiffs contend Section 49.105 does not apply to this situation because it can only be used when there is an "unexpired term." Plaintiffs argue there will be no unexpired term in May 2014 because Lane and Leonard's terms will have expired. In May 2014, however, there will be an entire unexpired term for the offices currently held by Lane and Leonard. An officeholder need not serve a day in office for a vacancy to occur. *See Maddox*, 54 S.W. at 24-25 (discussing appointment of sheriff to fill vacancy that resulted when individual who won the election died before taking office); *Tom*, 172 S.W. at 723 (addressing appointment to fill vacancy after county failed to hold election). Moreover, this language is simply an instruction to the appointing entity of the proper duration of the appointment, such as the vacancy statute in *Tom v. Klepper*, which stated that the appointee would "serve as commissioner for such precinct until the next general election." 172 S.W. at 722; *see also* 60 Tex. Jur. 3d *Public Officers and Employees* § 74 (2014).

Accordingly, the Court finds, from the text of the pertinent authority, that the Texas Legislature did not intend the TRWD to call an election this year but did intend Section 49.105 to address the interim period between the expiration of Lane and Leonard's terms and the election in May 2015. Because Section 49.105 states vacancies will be filled by appointment, no election is required in May 2014. *See* Tex. Att'y Gen. Op. No. JC-0318 (2000) (comparing situations in which

11

vacancy was to be filled by special election with those requiring appointment); *cf. City of Austin v. Thompson,* 219 S.W.2d 57, 59 (Tex. 1949) (explaining that city council was without power to call special election to fill vacancy when city charter stated the vacancy was to be filled by appointment). Thus, the Court concludes Texas law does not require an election in May 2014 for the positions held by Lane and Leonard.

Having found no election is required in May 2014, Plaintiffs failed to prove a substantial likelihood of success on the merits. The Court need not address the remaining *Canal* factors. Additionally, because the state did not give Plaintiffs a right to vote in May 2014, their Section 1983 claim must fail as a matter of law. *See Bonas v. Town of N. Smithfield,* 265 F.3d 69, 73, 76 (1st Cir. 2001) (explaining plaintiffs only state a Section 1983 claim based on an alleged deprivation of the right to vote if the state law requires an election).

## IV.    CONCLUSION

For the reasons discussed above, the Court finds Plaintiffs have failed to establish a substantial likelihood of success on the merits. Therefore, Plaintiffs' motion for a preliminary injunction is **DENIED**. The Court concludes Texas law does not require an election for the TRWD directors in May 2014. Therefore, Plaintiffs fail to state a claim under Section 1983 and their case is hereby **DISMISSED with prejudice.**

**SO ORDERED** on this **27th day** of **February, 2014.**

_____
~~Reed O'Connor~~
**UNITED STATES DISTRICT JUDGE**